*NOT FOR PUBLICATION*



UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

Jorene E. Mize,

    Debtor.
_____/

Case No. 13-14894
DCN: RAF-12

**MEMORANDUM DECISION**

Frazee Law Group, counsel for the debtor in possession, filed its first interim application for compensation seeking fees of $54,295.00 and costs of $6,036.50. The court approves fees of $39,813.50 and costs of $5,286.50, on an interim basis.

**FACTS**

This is a Chapter 11 case, distinguished only by skirmishes with the major secured creditor over cash collateral, valuation of collateral, stay relief and cause for conversion or dismissal.

In the 10 months the case has been pending, major events include employment of counsel and an appraiser; approval of the use of cash collateral (achieved on the second effort); valuation of commercial property located at 40807 Highway 41, Oakhurst (settled shortly before a scheduled evidentiary hearing); resolution by settlement of a motion for stay relief or, in the alternative, for dismissal or conversion; extension of exclusivity; an unsuccessful motion for sanctions; and approval of appraiser's fees (achieved on the second effort). A plan and disclosure statement have been filed, but despite two efforts the disclosure statement has not been approved.

Applicant Frazee Law Group has filed its first interim fee application. The application covers the period from April 2, 2013, (three months prior to the petition) through March 27, 2014. It seeks fees of $54,295.00 and costs of $6,036.50.

**JURISDICTION**

This court has jurisdiction. *See* 28 U.S.C. § 1334; 11 U.S.C. § 330(a); General Order No. 182 of the U.S. District Court for the Eastern District of California. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A).

**DISCUSSION**

I.  **Standards for Reasonable Compensation under § 330**

Counsel for a Chapter 11 debtor in possession may be allowed "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1),(3)(A)-(F). The applicant bears the burden of proof. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *In re Roderick Timber Co.*, 185 B.R. 601, 606 (B.A.P. 9th Cir. 1995).

In most cases the method for ascertaining a reasonable fee for a debtor's attorney in a Chapter 11 case is the lodestar, which requires multiplying "the number of hours reasonably expended" by "a reasonable hourly rate for the person providing the services." *Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 468 F.3d 592, 598 (9th Cir. 2006) (Chapter 13, quoting *Hensley*, 461 U.S. at 433) (internal quotation marks omitted). The number of hours billed must be well documented and may not include: (1) non-compensable time, such as time spent on administrative tasks or secretarial work billed at paralegal rates, *see Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989); (2) time resulting from "duplicative, unproductive, excessive, or otherwise unnecessary" work, *In re Sullivan*, 454 B.R. 1, 4 (D. Mass. 2011); *accord* 11 U.S.C. § 330(a)(4)(A); and (3) entries demonstrating that the applicant has failed to exercise prudent billing judgment, *Hensley*, 461 U.S. at 434, 437; *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 958-59 (9th Cir. 1991).

II. **Fees**

Applicant Frazee Law Group prays compensation of $54,295.00. That amount is comprised of $43,320.00 in billable time by counsel (144.4 hours at $300.00 per hour) and $10,975.00 in billable time by a

paralegal (87.8 hours at $125.00 per hour).

### A. Hours

The court disallows the following time as unproductive:

| Task | Attorney Time | Paralegal Time | Reason |
|---|---|---|---|
| First Motion to Use Cash Collateral | 2.5 | 2.4 | Unproductive (denied for insufficient service) |
| First Fee Application (Specialty Appraisals) | 2.7 | 2.3 | Unproductive (flat rate compensation sought, employment approved on lodestar method) |
| Rule 9011 Motion | 8.1 | 0.00 | Unproductive (failure to comply with safe harbor) |
| Total | 13.3 | 4.7 | |

Reducing the billable hours by these amounts, the court approves compensable attorney hours of 131.10 (144.4 hours - 13.3 hours) and paralegal hours of 83.10 (87.8 hours - 4.7 hours).

### B. Rate

To determine what constitutes a reasonable hourly rate under the lodestar, the court turns to the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). This requires looking at the "rate prevailing in the community for similar work performed by attorneys of comparable *skill, experience, and reputation*." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (emphasis added); *see also Blum*, 465 U.S. at 898 ("[T]he special skill and experience of counsel should be reflected in the reasonableness of the hourly rates.").

Here, the applicant has five years' experience; her paralegal

only four years.  The work is of satisfactory quality.  But she has not yet demonstrated sufficient proficiency to support hourly rates of $300.00 for attorney time and $125.00 for paralegal time.  An example of this is the disclosure statement.  Notwithstanding two efforts within the period for which fees are sought and the expenditure of more than 50 hours by the applicant and her paralegal, the debtor has not achieved approval of the disclosure statement.  After considering the skill, experience and reputation factors described in *Barjon*, the court fixes a rate of $250.00 per hour for the attorney and $85.00 per hour, approximately one-third of that amount, for her paralegal.

Fees of $39,813.50 (131.0 hours x $250/hour = $32,750.00 + 83.1 hours x $85/hour = $7,063.50) are approved on an interim basis.

### III. Costs

Applicant Frazee Law Group prays costs of $6,036.50, including $750.00 for special appearance counsel Marshall Moushigian, who appeared at the status conference, motion for employment (Frazee Law Group), and cash collateral hearing on September 4, 2013.  Moushigian has not been employed, as required by 11 U.S.C. §§ 323, 330, and special appearances are not authorized at status conferences.  Order Re: Chapter 11 Status Conference, July 24, 2013, ECF No. 21.  As a consequence, the court will reduce costs by $750.00, and approves costs of $5,286.50.

### CONCLUSION

Fees of $39,813.50 and costs of $5,286.50 are approved on an interim basis.  Such amounts shall be finalized, and may be adjusted, by a final application for compensation and expenses, which shall be filed prior to case closure.  The applicant may draw upon any retainer
/

held. All other relief is denied. The court will issue a separate order.

Dated: May 28, 2014

Fredrick E. Clement
United States Bankruptcy Judge

## Instructions to Clerk of Court
## Service List

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

    Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and ___X_____ Other Persons Specified Below:

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721